Helen Gaidine OGLESBEE,
Plaintiff—Appellant,

v.

U.S. DEPT. OF ENERGY; et al.,
Defendants—Appellees.

No. 00–35802.

D.C. No. CV–99–05035–EFS.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 2001.*

Decided Aug. 29, 2001.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

This is a pro se appeal of the district court's dismissal of plaintiff's action for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The Department of Energy and Department of Labor are immune from suit because Oglesbee did not direct the district court to any statute unequivocally providing for waiver of the agencies' sovereign immunity.[1]  *Graham v. Federal Emergency Management Agency*, 149 F.3d 997, 1005 (9th Cir.1998). Furthermore, neither the Tucker Act, 28 U.S.C. § 1346(a)(2) (2000), the Federal Tort Claims Act, 28 U.S.C. § 1346(b), nor the Administrative Procedures Act, 5 U.S.C. §§ 701–706, waive immunity.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Although plaintiff named Westinghouse Corporation–Westinghouse Hanford as a defendant, she never served the corporation with her complaint.